UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARTIN ALLBRITTON, JR., )
)
                      **Plaintiff,** )
v. )    Case No. 22-cv-3226-MMM
)
GLEN AUSTIN, *et al.*, )
)
                      **Defendants.** )

## **MERIT REVIEW ORDER**

Plaintiff, who is currently incarcerated at Hill Correctional Center, proceeds *pro se* on a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while at Graham Correctional Center. (Doc. 1). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff files suit against Graham's Warden Glen Austin, Graham's Assistant Warden John Doe, Chief Administrative Officer John Doe, Graham's Medical Director Stephanie Howard, Health Care Administrator John Doe, unnamed nursing supervisors and nurse practitioners employed by Wexford Health Sources, Inc., and unnamed correctional officers.

1

Plaintiff's complaint is more akin to a daily log or diary about the symptoms and medical care he received after contracting COVID-19 on or around December 6, 2020, and the symptoms he continues to experience with "long COVID." (Doc. 1 at 11). This type of narrative fails to comply with Federal Rule of Civil Procedure 8(a)(2), which provides that a pleading must contain a short and plain statement showing that the pleader is entitled to the relief sought. This complaint is neither short nor plain and fails to provide effective notice of the claims potentially asserted against Defendants. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Additionally, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). Here, it is unclear how each Defendant allegedly participated in any constitutional deprivation because Plaintiff makes no reference to the named Defendants in the body of his complaint. In a conclusory fashion, he states that he "attribute[s] his downfall to the Illinois Department of Corrections staff, as well as Wexford Health Care and its staff." (Doc. 1 at 11). This is insufficient to put Defendants on notice of any claim asserted against them.

Therefore, Plaintiff's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Plaintiff is given leave to file an amended complaint within 30 days. If his amended complaint fails to state federal claim, this case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed without prejudice for failure to state a claim. Plaintiff may file an amended complaint within 30 days of this Order. The amended complaint will replace Plaintiff's complaint in its entirety. The amended complaint must contain all allegations

against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.  Based on the dismissal of his complaint, Plaintiff's Motions to Request Counsel [5], [8] are DENIED. If Plaintiff files an amended complaint, he may file a renewed motion to request counsel.

3.  In Plaintiff's Motion for Extension of Time [9], he asks for an extension of time in order to put in more library requests and to e-file necessary information. It is unclear what deadline Plaintiff is requesting to extend or the amount of additional time requested. *See* CDIL-LR 6.1. [9] is DENIED.

4.  In Plaintiff's Motion for Order for Library Access [10], Plaintiff states that it is difficult for him to represent himself and met court deadlines. As such, he asks the Court to grant him court-ordered access to Hill Correctional Center's library. The Court is cognizant of the challenges *pro se* litigants face, but the Court cannot order a facility to provide an inmate with a specific amount of time in the law library. [10] is DENIED.

5.  In Plaintiff's Motion for Extension of Time [11], he requests additional time to file a payment ledger and documentation regarding his attempts to find an attorney to represent him. The Court received his trust fund ledger on October 31, 2022, and granted his petition to proceed *in forma pauperis* on November 1, 2022. Additionally, Plaintiff filed an exhibit [14] containing documentation regarding his attempts to locate an attorney willing to represent him. If Plaintiff renews his motion to request counsel, he is directed to attach this exhibit to his motion. [11] is MOOT.

ENTERED: 2/2/2023

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge